IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00577-MSK

KEITH CHANDLER,

    Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER REMANDING CASE

THIS MATTER comes before the Court *sua sponte*.

Plaintiff Keith Chandler commenced this action in the Colorado Arapahoe County District Court. Mr. Chandler's claims against Defendant Allstate Property and Casualty Company ("Allstate"), his automobile insurer, arise out of a car accident he was in with an uninsured motorist. Mr. Chandler submitted an uninsured motorist claim under his policy but Allstate did not pay the claim. Mr. Chandler brought suit in state court alleging five claims for relief for this failure. In the Complaint, Mr. Chandler did not request any particular monetary relief.

In the Notice of Removal, Allstate assert that this Court can exercise jurisdiction based upon diversity pursuant to 28 U.S.C.§ 1332. To establish the required $75,000 in damages, Allstate relies primarily upon Mr. Chandler's listing of the damages he suffered, the fact that the insurance coverage available under the policy is $100,000, and that Mr. Chandler refused to enter into a stipulation that the amount in controversy was less than $75,000.

Consistent with the reasoning in *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007) (reference to a civil cover sheet for amount in controversy is insufficient) and *Klein v. State Farm Mut. Auto. Ins. Companies,* D. Colo. Case No. 08-cv-02257-MSK, 2008 WL 4948775 (Nov. 18, 2008) (references to a civil cover sheet and conclusory statements in underlying Complaint are insufficient), the Court finds that Allstate has not shown specific facts, which if true, would demonstrate that the amount in controversy is at least $75,000. Taking the allegations in the Complaint as true, they are too general to demonstrate the amount in controversy. The Complaint does not describe or quantify Mr. Chandler's losses, but merely lists the type of damages he has suffered. Moreover, neither the fact that the coverage limit is over $75,000 nor the fact that Mr. Chandler declined to enter into a stipulation that the amount in controversy was under $75,000 provide sufficient information from which the amount in controversy can be calculated. Without facts that indicate that Mr. Chandler's actual damages may equal or exceed $75,000, or actual damages of less than $75,000 together with facts which would justify an award of treble damages that would hoist the amount in controversy above $75,000, jurisdiction cannot be presumed. To infer an amount in controversy from these factual allegations would be wholly speculative. Accordingly, the action is **REMANDED** to the State

Court. *See* 28 U.S.C. § 1447(c).

Dated this 9th day of April, 2010

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
United States District Judge